NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CSC TKR, INC. d/b/a CABLEVISION OF RARITAN VALLEY, | : : : : | Civ. No. 01-305(DRD) |
| Plaintiff, | : : |  |
| v. | : : | **O P I N I O N** |
| ALISON M. BARRELLA, WILLIE BELL, JULIAN TIMMONS, LARRY SMEDLEY, JOEL SIGEL, MARIA RODD, GUY PETTY, STEPHEN MEOLA, PATTY McCARTHY and MICHELLE L. MARROCCO, | : : : : : : |  |
| Defendants. | : : |  |

Michael D. Cassell, Esq.
LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, LLP
744 Broad Street, 16th Floor, #28
Newark, New Jersey 07102

*Attorney for Plaintiff*

Samuel C. Inglese
MEZZACA & KWASNIK, LLC
450 Main Street
PO Box 380
Metuchen, New Jersey 08840

*Attorney for Defendant Julian Timmons*

1

**DEBEVOISE, Senior District Judge**

On January 22, 2001 Plaintiff, CSC TKR, Inc., d/b/a Cablevision of Raritan Valley ("Cablevision"), filed a complaint against several defendants, including Defendant, Julian Timmons. The complaint alleged that Mr. Timmons had engaged in the unauthorized reception of Cablevision's private telecommunications signals by using a "pirate" converter-decoder device to descramble and receive programming services without Cablevision's authorization. In July of 2002 it was reported to the court that the matter, as to Mr. Timmons, had been settled. Accordingly, the court issued an Order of Dismissal. Cablevision now asserts that Mr. Timmons failed to sign the settlement agreement and otherwise adhere to the terms of the settlement. As such, Cablevision moves to enforce the terms of the settlement, or in the alternative, for leave to file a motion for inquest damages.

## I. BACKGROUND

In February of 2001 Cablevision personally served Mr. Timmons with a summons and complaint. Mr. Timmons never answered. On January 24, 2002 the Clerk of the Court entered default against Mr. Timmons and Cablevision submitted a motion for inquest damages on June 5, 2002. Prior to the return date for that motion, the two parties discussed the matter and reached a settlement.

On June 17, 2002 a Stipulation of Discontinuance and Order was drafted memorializing the terms of the settlement. That document included the following terms:

> (1) both parties agreed to mutually release the other party from any and all claims arising from or relating to the action with prejudice; (2) Timmons made no admission of wrongdoing; (3) Timmons agreed to refrain from using or assisting in the use of any unauthorized cable television decoding equipment; and (4) Timmons agreed to pay Cablevision $5,000.00 over time.

(Pl.'s Br. at 2).

Cablevision mailed the Stipulation to Mr. Timmons on June 17, 2002 with the request that he sign and return it by July 10, 2002.  The parties then reported to the court that the matter had been settled.  On July 22, 2002 this court issued an Order of Dismissal stating: "it has been reported to the Curt that [this] action has been settled."  The Order further stated that the court retained jurisdiction to enforce the settlement agreement.

Mr. Timmons never returned the Stipulation to Cablevision and has otherwise failed to adhere to the terms in the Stipulation.  Mr. Timmons has not responded to Cablevision's recent efforts to contact him, nor has he responded to the present motion.

## II. DISCUSSION

"An agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."  Green v. John H. Lewis & Co., 436 F. 2d 389 (3d Cir. 1970).  In the present case, the parties agreed to the terms of settlement and attempted to memorialize those terms in writing.  Although the written document was never executed, the settlement was consummated nonetheless.

Where a court's Order of Dismissal specifically provides that the court retains jurisdiction to enforce a settlement, a party's failure to comply with the settlement agreement is deemed a violation of the Order and the court has jurisdiction to enforce the settlement.  Bldg. Materials Corp. of Am. v. CertainTeed Corp., 273 F. Supp. 2d 552, 553 (D.N.J. 2003).  In the present case, the Order of Dismissal expressly stated that this court retained jurisdiction to enforce the settlement.  As Mr. Timmons has failed to comply with the terms of that settlement, Cablevision's motion to enforce the settlement will be granted.

## IV.  CONCLUSION

For the reasons set forth above, Cablevision's motion to enforce the settlement will be granted.  The Court will enter an order implementing this opinion.

/S/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: April 28, 2006